SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
MAY 15 2024
ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

MARY C. BEQUETTE                         PLAINTIFF

VS.                                 CIVIL ACTION NO. 5:24cv49-DCB-ASH

ROUX BROTHERS, LLC.                      DEFENDANT

## COMPLAINT

COMES NOW Mary C. Bequette (Plaintiff) and files this her Complaint against Roux Brothers, LLC. ("Roux") and in support thereof submits the following:

**Parties**

1.

Plaintiff is an adult resident citizen of Adams County, Mississippi. Roux Brothers, LLC. is a Mississippi limited liability company whose registered agent is Brian A. Lees and his address is 20 Club Dr., Natchez, MS 39120. Brian A. Lees is also a listed officer for Roux. Process is acceptable on him. Additionally, Jason R. Lees is listed as an answer of the company and may be served at 22 Club Dr., Natchez, MS 39120.

**Jurisdiction and Venue**

2.

At all relevant times, Roux is an employer and an enterprise under 29 USCA § 203 and this is an action for violation of the Fair Labor Standards Act (FLSA), as codified, 29 U.S.C. §§ 201 to 209. Jurisdiction is proper in Federal Court and venue is proper in the Southern District Court of the State of Mississippi since this involves a federal question and Roux is in the personal jurisdiction of this district. 28 USCA §§ 1331, 1391. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because, as provided below, a

substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## Facts

3.

At all relevant times, Roux has operated an enterprise engaged in commerce within the meaning of Section 3(s)(1) of 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000. Upon information and belief, Roux operates a restaurant in both the city of Natchez and Baton Rouge, Louisiana.

4.

Plaintiff was a tipped employee as defined under 29 USCA § 203(t) in the employ of Roux for approximately ten years until she was terminated on March 8, 2024. She served tables for Roux and was not paid for hours worked, was paid lower than she should have received, failed to receive overtime, had her tips improperly pooled by Roux; and she brings this action on her behalf and on the behalf of others similarly situated. Plaintiff also asserts individual and class claims of *quantum meruit*/unjust enrichment.

5.

This collective and class action consists of all individuals who participated as waiters/waitresses under the employ of Roux for at least the last three years next preceding this filing as Roux's practices on Plaintiff were standard to all other waitress/waiters and continues today as of the filing of this action.

6.

Roux required employees, including Plaintiff, to work "off the clock" after customers left every workday/night.

7.

Plaintiff was not paid for her time worked "off the clock."

8.

Roux paid tipped employees, including Plaintiff, $2.13 an hour for all times Plaintiff worked and she received a paycheck from Roux every week.

9.

Plaintiff was required to perform non-tipped duties for a time that exceeded 20% of her work period, yet was either only paid $2.13 an hour or none at all.

10.

Plaintiff was required to pool her tips with other employees not customarily and regularly receiving tips from customers, for example the cooks and bussers.

11.

Additionally, managers and supervisors also took portions of Plaintiff's tips.

12.

When calculating all times worked, Plaintiff worked greater than forty hours in a week and was not paid overtime.

13.

Roux charged Plaintiff when food was sent back, when a customer left a table without paying, and when a customer was "comped" a meal due to a mistake of the restaurant.

**Cause of Action**

14.

No exemption excuses Defendants from paying Plaintiff and the other class members minimum wages and/or overtime rates under the FLSA, nor allows forced sharing of tips with managers/supervisors/owners, nor engage in an impermissible tip pool. Roux has failed to make a good faith effort to comply with the FLSA. Instead, Roux knowingly, willfully or with reckless disregard carried out its illegal pattern or practice. Plaintiff and those similarly situated are entitled to liquidated damages for such conduct.

15.

Roux's actions violate federal law by: improperly tip pooling, failing to pay time and a half for overtime, failing to pay for all time worked, failing to pay minimum wage when Plaintiff's non-tip duties exceeded 20% of her total time, and forcing tipped employees to share their tips with supervisors/managers/owners. Roux's violations were willful and Plaintiff is entitled to recover damages for up to three years, along with liquidated damages, attorney's fees, and costs.

16.

As consequence of the obstinance and refusal of Roux to comply with its legal obligations, Plaintiff has found it necessary to engage counsel to collect the sums owed to her by Roux.

17.

As a result of the foregoing, Plaintiff is entitled to receive all her wages, plus additional liquidated damages equal to the amount owed, plus the statutorily mandated attorney's fees, legal interest from the date the foregoing wage payments were due, plus all court costs, including deposition expenses, consultant and expert witness fees taxed as

costs. Moreover, Plaintiff is entitled to all such legal and equitable relief as may be appropriate to effectuate the remedial purposes of Fair Labor Standards Act.

18.

Other employees of Roux have been victimized by the pattern, practices and policies of Roux. Plaintiff is aware that the illegal practices and policies of Roux have been imposed on other, similarly situated workers.

19.

Plaintiff brings her claims on behalf of all current and former class members.

20.

Roux's directions, duties, and compensation policies and procedures with respect to Plaintiff and the class members and wages paid to Plaintiff and the class members are substantially similar, if not identical.

21.

Roux's pattern of failing to pay overtime compensation, failing to pay for work "off the clock," failing to pay minimum wage for time of non-tipped duties when it exceeded 20% of total time, mandating an improper tip pool, and improperly taking tips of Plaintiff and class members as required by the FLSA results from Roux's general application of compensation policies and procedures, and does not depend on individualized circumstances of Plaintiff or the class members.

22.

Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to Roux's liability under the FLSA.

23.

Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims on her own behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Roux.

24.

Plaintiff requests that Roux identify all prospective members of the proposed class of class members in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last know addresses, and telephone numbers.

25.

Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

26.

Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

27.

Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

WHEREFORE, Plaintiff, individually and on behalf of others similarly situated, respectfully requests that Roux be required to answer and appear; that this case be certified as a class and/or collective action; that Plaintiff be appointed class representative;

that Plaintiff's counsel be appointed class counsel; and, after a final hearing, Plaintiff and other class members be awarded:

    a. Monetary damages for lost wages in an amount to be determined at trial;

    b. Liquidated damages in an amount equal to the monetary damages;

    c. The equitable remedies of restitution and/or disgorgement;

    d. Attorney's fees, costs and expenses;

    e. Pre- and post-judgment interest at the highest rates allowed by law; and

    f. All other relief, at law or in equity, to which she, and others similarly situated, may be justly entitled.

    Respectfully submitted,

        /s/ Scott F. Slover
        Scott F. Slover, MSB 102768
        P.O. Box 846
        Natchez, MS 39121
        601-442-0075
        sfslover@gmail.com
        ATTORNEY FOR PLAINTIFF